## BAUGH v. DEVER et al.

Court of Appeals of Kentucky.

Nov. 21, 1951.

C. Raymond Emler, Louisville, for appellants.

T. C. Carroll, Shepherdsville, for appellees.

CULLEN, Commissioner.

This case involves a boundary dispute between Edward Baugh and Roy Dever. The lower court entered judgment in favor of Dever. Baugh appeals.

There is no bill of exceptions (because the court reporter lost his shorthand notes), so the only question before us is whether the pleadings sustain the judgment.

Dever brought the action. He alleged that he is the owner of a certain tract of land, described in the petition; that his deed is recorded in Deed Book 71 on page 382; that on lJanuary 30, 1947, the defendant purchased an adjoining tract of land and that defendant's deed is recorded in Deed Book 71 on page 279; that when defendant purchased the land, the auctioneer told defendant that a fence at the north end of the land was not the true boundary, but that the line between plaintiff's land and the tract being sold was as described in a survey made prior to the sale; that defendant has prevented plaintiff from tearing down the fence and rebuilding it on the correct boundary line; and that defendant is depriving plaintiff of the use of about one and one-half acres of land between the existing fence and the true boundary line. Dever prayed that he be adjudged owner of the tract described in the petition; that defendant be enjoined from interfering with plaintiff in the use of the land and in tearing down the fence; and for damages.

Baugh filed a general demurrer and a motion to make the petition more definite and certain "by stating the facts upon which he intends to rely to prove his damage as alleged in his petition." Both were overruled. Baugh then filed an answer and counterclaim, claiming that he was in adverse possession of the disputed parcel when plaintiff's deed was executed, and that defendant and his predecessors in title had been in continuous adverse possession, up to the fence line, for more than the statutory period.

Dever's reply to the answer and counterclaim completed the pleadings.

The court entered judgment declaring that Dever is the owner of the tract of land described in the petition; that the true boundary line between Dever and Baugh is "the call North 23° West 51½ poles" (which is the south line of Dever's tract as described in his deed and the north line of Baugh's tract as described in his deed). The judgment authorized Dever to remove the fence and rebuild it on the correct line. No damages were allowed.

Baugh's first contention, on this appeal, is that his demurrer to the petition should have been sustained because the petition shows on its face that he was in adverse possession of the disputed parcel at the time Dever's deed was executed, and therefore the sale to Dever was champertous. KRS 372.070.

There is no specific allegation in the petition that Baugh was in possession of the land purchased by him at the time Dever purchased his tract, nor do we find anything in the petition from which it could be inferred that Baugh was in adverse possession at the time of the sale to Dever. The petition does indicate that Baugh's deed was executed and recorded prior to Dever's deed, but this does not raise an inference that Baugh was in adverse possession of land beyond the boundary described in his deed, at the time of the sale to Dever. The claim of champerty therefore has no merit.

Baugh further contends that the petition was not sufficient to support the judgment because the description of Dever's tract, as set forth in the petition, does not close. He maintains that, because the description does not close, the plaintiff is endeavoring to recover on the weakness of defendant's title rather than on the strength of his own, and that the description is too indefinite and uncertain to form the basis for an enforceable judgment.

It is true that the description does not close, apparently because of the omission of one of the calls at the north end of the tract; but the south line, which is the only line in question, is clearly identified by a stake and a stone, and by the corners of other owners. This south line in Dever's deed is the one which the judgment says is the true line between Dever and Baugh, and it is the same line that is set forth in Baugh's deed as the north line of Baugh's tract. Every corner mentioned in the description in Dever's deed is marked by a natural object, or by a stake or stone, or by reference to a corner of adjoining owners. The description is sufficient to enable the lines to be located on the ground.

The beginning and closing point in the description in Dever's deed is identified by a natural object and as being the corner of adjoining owners. This point is north of the line in dispute. Since the line in dispute is clearly identifiable from the description, we do not see how Baugh, as owner of land south of that line, can be concerned whether the description of Dever's land, north of the line, properly closes.

The judgment is affirmed.